UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| MARK A. SIMONDS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:12-CR-51-HSM-SKL |
| | ) | | 1:14-CV-220-HSM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") [Doc. 39] filed by federal prisoner, Mark A. Simonds ("Petitioner").[1] Respondent United States of America (the "Government") filed a response in opposition to the 2255 Motion [Doc. 42] and this matter is now ripe. For the reasons stated below, Petitioner's 2255 Motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

In May 2012, a federal grand jury charged Petitioner with 13 counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) [Doc. 1]. About a week after his initial appearance and arraignment, Petitioner's attorney made an oral motion on behalf of Petitioner for a psychiatric/psychological evaluation of Petitioner pursuant to 18 U.S.C. §§ 4241, 4242 and 4247, and the motion was granted by the Court [Doc. 12]. A forensic evaluation concluding Petitioner was competent was received by the Court on October 2, 2012 from the Federal Bureau of Prisons, Federal Medical Center ("FMC") in Lexington, Kentucky [Doc. 19 (sealed)]. On November 5,

---

[1] All citations to the record are to the docket in the underlying criminal case.

2012, Petitioner, through his attorney, filed a waiver of mental competency hearing pursuant to 18 U.S.C. § 4247(d) [Doc. 20].  The Court determined that Petitioner was not currently suffering from a mental disease or defect which rendered him mentally incompetent to the extent he was unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense, was able to participate in all courtroom activities, and was competent to stand trial [Doc. 21].

Thereafter, pursuant to a written plea agreement, Petitioner pleaded guilty to one count of receipt of child pornography on January 14, 2013, with a bargain that the 12 remaining counts would be dismissed at sentencing [Docs. 27 & 29].  In his plea agreement Petitioner waived most of his rights to appeal and waived his rights to "file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence" except for claims of "ineffective assistance of counsel or prosecutorial misconduct not known to [him] by the time of the entry of judgment." [Doc. 29, at Page ID # 60, ¶ 11].

In his plea agreement and during his plea colloquy, Petitioner acknowledged his ability to understand the act of pleading guilty, the rights he would give up by pleading guilty, the waiver provisions of his plea agreement, the elements of the offense, and the potential penalty he faced [Docs. 29 & 41].  After a scrupulously proper plea colloquy was conducted, the Court found Petitioner was fully capable and competent to enter an informed plea; the plea was made knowingly and with full understanding of each of the rights waived by Petitioner; the plea was made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; Petitioner understood the nature of the charge and penalties provided by law; and the plea had a sufficient basis in fact [Docs. 31, 32 & 41].

On April 29, 2013, the Court conducted a sentencing hearing [Doc. 36]. The Court sentenced Petitioner to a within-guidelines sentence of 105 months' imprisonment in a Judgment filed on April 30, 2013 [Doc. 37].

Petitioner did not appeal, so his conviction became final at the expiration of the time for seeking such review, May 14, 2013. In April 2014, within the applicable one-year time limitation for filing a motion under 28 U.S.C. 2255, Petitioner filed a motion to compel his attorney to send him a copy of his case file stating that he requested the file on January 14 and March 1, 2014 [Doc. 38]. Petitioner's motion, which was dated March 29, 2014, further stated that Petitioner "intends to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255. For such motion to be timely, [Petitioner] must file within one year of his criminal conviction becoming final, or before April 29, 2014." [Doc. 38].

After acknowledging the deadline for filing a 2255 Motion, Petitioner did not sign his 2255 Motion until June 26, 2014. The envelope appears to be stamped on July 10, 2014, and it was filed by the Court on July 14, 2014 [Doc. 39 at Page ID # 99].

## II. STANDARDS

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a statute of limitations applicable to collateral challenges under § 2255.

3

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'" (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963))). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required.

## III. ANALYSIS

In his 2255 Motion, which was submitted without a supporting memorandum, Petitioner alleges ineffective assistance of counsel because counsel failed to properly investigate Petitioner's case and failed to mention that Petitioner was on "mind altering drugs" at the time of his plea. In its response to the 2255 Motion, the Government argues Petitioner's claims are time-barred, insufficiently vague, procedurally defaulted, and meritless [Doc. 42]. Petitioner did not submit a reply.

### A. Petitioner's 2255 Motion is Untimely

Under the AEDPA, a one-year statute of limitations applies to the filing of a § 2255 motion. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *2-6 (E.D. Tenn. April 5, 2012) (citing *Olesen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)).

As pertinent here, the one-year limitation period commences on the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). For purposes of subsection (f)(1), a conviction

4

generally becomes final for purposes of collateral review at the conclusion of direct review. *See Dodd v. United States*, 545 U.S. 353, 357 (2005); *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). It is undisputed that Petitioner did not appeal, so his conviction became final 14 days after the Court entered judgment; in other words, on May 14, 2013. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment."). As a result, in order to be timely under § 2255(f)(1), the 2255 Motion should have been filed on or before May 14, 2014, but it was not. *See Benitez v. United States,* 521 F.3d 625, 629-30, 636 (6th Cir. 2008) (applying *Sanchez-Castellano* and holding that § 2255 motion filed two days late was untimely unless movant was entitled to equitable tolling).

Giving Petitioner the benefit of the doubt and assuming that he submitted the 2255 Motion to prison officials under the "prison mailbox rule" on the date he signed and dated it, the 2255 Motion was not filed until June 26, 2014 at the earliest. Therefore, the 2255 Motion was not timely filed unless equitable tolling applies.

### B. Equitable Tolling Is Not Justified

The AEDPA's timeliness provision is subject to equitable tolling under appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 634 (2010). Petitioner is entitled to equitable tolling, however, only if he meets the following two conditions: "First, the petitioner must establish that he has been pursuing his rights diligently. And second, the petitioner must show that some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (internal quotation marks and citations

5

omitted). Petitioner bears the burden to demonstrate that equitable tolling is appropriate. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *see also Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

Petitioner's alleged basis for equitable tolling is the same basis he asserts for § 2255 relief; that his

> attorney provided inaffective (sic) assistance due to the fact of failing to mention that [Petitioner] was on mind altering drugs due to PTSD catagory2, of his disability and is disabled due to PTSD. Defendant was clearly extreemly (sic) powerful mind altering medications at the time of his court appearance (sic) and unable to make a knowing, competent, and rational dicision (sic) concerning his plea. Defendant was prejudiced by his counsel's ineffectiveness in failing to bring this up before the court at his plea and thus defendant was allowed to make a guilty plea that had he not been on such powerful medication he most certainly would have plead innocent.

[Doc. 39 at Page ID # 91]. To explain his failure to timely take post-conviction action, Petitioner states

> I have been on the same powerful mind altering medications as I was on during the plea agreement until recently when they have lowered my amount of medicetion (sic) and I am now just becoming aware of my stuation (sic) and able to realize that I had no idea what was happening during the court proceedings where I was found unable to make a rational dicision (sic) concerning my plea as was my attorney's recamendation (sic) and not my own dicision (sic).

[Doc. 39 at Page ID # 96].

The Court finds Petitioner has failed to carry his burden for the application of equitable tolling in this case. In his 2255 Motion, Petitioner argues equitable tolling is appropriate because he was on powerful, mind-altering medication from some time before he entered his plea through

6

the time he filed his belated 2255 Motion. Petitioner claims that it was only after his medication was lowered that he became aware of his "situation" and realized he had no idea what had or was happening [*id.*].

To the contrary, during the properly conducted change of plea proceedings, Petitioner informed the Court he was 40, completed high school, and attended some college [Doc. 41 at Page ID # 108]. The Court repeatedly asked Petitioner if he understood the various aspects of the proceedings and his plea agreement; each time Petitioner said that he did [Doc. 41]. The Court also asked about Petitioner's history of mental illness and treatment for same, and Petitioner answered that he received treatment and medication for "depression" but said nothing about PTSD [Doc. 41 at Page ID # 108-09]. Petitioner was specifically asked about the medication he was taking at the time of the plea and Petitioner stated it did not adversely affect his ability to understand the proceedings, stating:

> THE COURT: When you take that medication, which you are taking now, are you able to understand what's going on around you?
>
> THE [Petitioner]: Yes, I am.
>
> THE COURT: And is it helping you?
>
> THE [Petitioner]: It does help me a whole lot.
>
> THE COURT: It isn't something brand new, it's something you've been on and you feel okay when you're taking that?
>
> THE DEFENDANT: Right.
>
> THE COURT: Are you under the influence of anything other than that drug, I mean, any kind of alcohol or any other type of medication?
>
> THE DEFENDANT: Neurontin.

[Doc. 41 at Page ID # 110]. Petitioner responded that he was currently taking Celexa and another medication given to him by the doctors at the jail facility for his depression and Neurontin for spinal degeneration pain [Doc. 41 at Page ID # 109-10]. With respect to the Neurontin, Petitioner was even able to inform the Court that he did not believe the jail facility was correctly giving him the medication stating, while "the doctor from the FMC said . . . it was supposed to be three times a day, 300 milligrams," it was only given to him twice a day because "[t]here is only pill call twice a day." [Doc. 41 at Page ID # 112]. Petitioner and his counsel confirmed Petitioner was competent and could understand the Court's proceedings [Doc. 41 at Page ID # 112-13].

Absent clear and convincing evidence to the contrary, a defendant is bound by his or her plea agreement and representations made under oath during a plea colloquy. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.") (internal punctuation and citations omitted). In *Blackledge v. Allison,* the Supreme Court explained the importance and weight of representations made during the plea hearing, stating:

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge*, 431 U.S. 63, 73-74 (1977).

In addition, the report of the forensic evaluators notes Petitioner was not prescribed any psychiatric medication during the evaluation period and, while he presented as tearful and anxious

at times, and was likely malingering or feigning to some degree, his mental condition remained stable and he presented no significant behavioral management issues and demonstrated no functional impairment [Doc. 19 (sealed)]. While he reported a history of depression, his symptoms were found not to interfere with his daily functioning. The report further notes his

> attention and concentration were not observed to be impaired and his recent and remote memory appeared intact. He was able to focus and concentrate during psychological testing and during clinical interviews with the evaluator. He was not observed to be distracted and his responses to competency-related questions, as well as questions regarding personal history, were appropriate and consistent. [Petitioner] consistently remembered scheduled appointments and the contents of interviews and conversations with the evaluator and other correctional staff.

[Doc. 19 (sealed) at Page ID # 34]. The evaluators found Petitioner to be fully competent—a finding both the Petitioner and the Court agreed with during the proceedings.

Petitioner's current argument that equitable tolling should apply—allegedly because he was so medicated with unidentified "mind altering drugs" from at least the time of his plea through some unspecified time shortly before he filed his 2255 Motion that he was unaware—fails. *See, e.g.*, *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 852 (6th Cir. 2017) (holding "mental illness is not the same as mental incompetence" and does not establish an extraordinary circumstance preventing timely filing); *Kitchen v. Bauman*, 629 F. App'x 743 (6th Cir. 2015) (holding any alleged incompetency did not cause the untimely filing); *Ramirez-Matias v. Lynch*, 631 F. App'x 339, 343-44 (6th Cir. 2015) (concluding that although the petitioner may have been mentally incompetent, her ability to contact attorneys to discuss her immigration status suggested her psychological impairments did not prevent her timely filing); *Vliet v. Lafler*, No. 09-10595, 2011 WL 2847535, at *3 (E.D. Mich. July 18, 2011) (although "sympathetic to the problems inherent in anti-psychotic medications" and the difficulties that individuals taking such medications may

9

face, holding petitioner's medicated condition was not an extraordinary circumstance for equitable tolling purposes).

Petitioner, who was on a common anti-depressant during Court proceedings, fails to explain why he did not mention either any "mind altering drugs" or his alleged PTSD when he had ample opportunity to do so during his rearraignment and sentencing proceedings. Moreover, Petitioner has not even attempted to show a prescription or other evidence that he was on any mind-altering drugs at any time during the one-year limitations period. To the extent Petitioner was on the same drugs that he was taking during his plea and sentencing proceedings, the record conclusively demonstrates the drugs did not render him incompetent.

Furthermore, Petitioner's own actions show he had adequate time and opportunity to file a timely motion under 28 U.S.C. § 2255, because he was able to write letters and file a motion to request his file from his attorney within the limitations period and even acknowledged the filing deadline in that motion. *See, e.g., Carneal v. Crews*, 510 F. App'x 347 (6th Cir. 2013) (holding a petitioner has a duty to file his petition as soon as his mental impairment will permit, even after expiration of the statute of limitations). Even if it were credible that Petitioner was in a medically-induced haze, which specifically is held not to be credible, Petitioner also fails to demonstrate he diligently pursued his rights as required by *Holland*

A petitioner must come forward with more than "bald assertions and conclusory allegations" to receive an evidentiary hearing. *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006); *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (holding "bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing."). While the burden on Petitioner for establishing "entitlement to an evidentiary hearing is relatively light," "it would be nonsensical to conclude

that [Petitioner] could meet that burden simply" with a conclusory allegation of harm. *See Goldsby v. United States*, 152 F. App'x 431, 440 (6th Cir. 2005) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The record shows Petitioner was well aware of both the one-year filing deadline and of his ability to file a motion under § 2255 before the deadline expired but failed to file his 2255 Motion until over a month after it expired.

In short, Petitioner has demonstrated neither diligence nor any extraordinary circumstance that stood in his way and prevented timely filing that would merit the application of a rare equitable remedy. Although the AEDPA's one-year statute of limitations is not a jurisdictional bar and may be tolled under limited, extraordinary circumstances, Petitioner has not established a valid basis for equitable tolling. The 2255 Motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also* Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that the 2255 Motion may be resolved as time-barred without an evidentiary hearing. Having provided no grounds to equitably toll the statute of limitations, Petitioner cannot avoid dismissal on timeliness grounds. *See Jurado*, 337 F.3d at 642 (equitable tolling is "used sparingly by federal courts," and "[t]ypically . . . applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control").

Accordingly, it is not necessary to address the Government's alternative arguments addressing the merits and waiver issues with respect to Petitioner's time-barred claims.

## IV.    CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, Petitioner is required to show that reasonable jurists could conclude that the petition should have been resolved

in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, reasonable jurists could not find the assessment of his claims debatable, and the issues presented are not adequate to deserve encouragement to proceed further, a certificate of appealability **SHALL NOT ISSUE**.

**V. CONCLUSION**

For the reasons discussed, a hearing is unnecessary and Petitioner's 2255 Motion [Doc. 39] will be **DENIED** as time-barred and **DISMISSED WITH PREJUDICE**.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE